IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES,<br><br>    Plaintiff,<br><br>  v.<br><br>GLENN'S METAL WORKS,<br><br>    Defendant._____ / | No. C -11-04619 EDL<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On September 16, 2011, Plaintiffs filed a complaint under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, alleging that Defendant violated a collective bargaining agreement and certain Trust Agreements. The complaint sought an order requiring, among other things, that Defendant pay delinquent employee fringe benefit contribution amounts for the period from January 2011 through January 2012, as well as liquidated damages, interest, reasonable attorneys' fees, and costs.

On October 8, 2011 and October 27, 2011, Defendant was served with the complaint. See Docket No. 5, 6. Defendant failed to answer the complaint or otherwise defend the action. On December 9, 2011, upon Plaintiffs' request, the Clerk of this court entered Defendant's default under Federal Rule of Civil Procedure 55(a). See Docket No. 11. By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(b)(6). In this Motion for Default Judgment, Plaintiffs seek judgment in the amount of the delinquent employee benefit contributions, liquidated damages, interest, attorney's fees and costs.

On March 14, 2012, Plaintiffs filed a Motion for Default Judgment. The Court held a hearing on Plaintiffs' Motion on April 24, 2012. Plaintiffs appeared at the hearing through counsel

1  Michael Carroll. Plaintiffs have consented to this Court's jurisdiction pursuant to 28 U.S.C. §
2  636(c). Defendants did not appear for the hearing, and have not consented to this Court's
3  jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court recommends
4  granting Plaintiffs' motion for default judgment in the amount of $57,681.70. This matter will be
5  reassigned to a district court judge.

**DISCUSSION**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1). Defendant is a business entity and therefore is not an unrepresented minor or incompetent person, or a person in military service, or otherwise exempted from default judgment.

In an action to enforce payment of delinquent contributions, "the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs . . . ." 29 U.S.C. § 1132(g)(2). An award under section 1132(g)(2) is appropriate based on the amount of contributions that were delinquent at the time of suit, even if the defendant tendered the unpaid contributions prior to judgment. See Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996) (quoting Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Constr. Co., Inc., 767 F.2d 1170, 1175 (5th Cir. 1985)) ("[M]andatory fees are available under § 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves.'"); Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989) ("[W]hen (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages," section 1132(g)(2) is triggered and a liquidated damage award is mandatory.); see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (2nd Cir. 1995) ("the amount of an award of interest or liquidated damages should logically be predicated upon the amount of the unpaid contributions originally at issue, whether or not outstanding at the time of judgment, since that amount correctly measures the

2

1  damage caused by the delinquency."); Board of Trustees of the Sheet Metal Workers v. General
2  Facilities, Inc., 2003 WL 1790837, * 2 (N.D. Cal. March 31, 2003) (citing Carpenters & Joiners
3  Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988)) ("Section 1132 provides for
4  liquidated damages as a percentage of 'unpaid contributions' and courts have interpreted 'unpaid
5  contributions' to mean contributions owing and unpaid at the time the lawsuit is filed.").

6  Plaintiffs have the burden of proving its entitlement to relief through testimony or written
7  affidavit.  To that end, Plaintiffs submitted the declarations of: Nancy Finegan, who is the Fund
8  Manager of Benesys, administrators of Plaintiff Trust Funds, Carl Sanchez, who is the Business
9  Representative of the Sheet Metal Workers Local Union No. 104, and Michael Carroll, Plaintiffs'
10 counsel.  The evidence establishes that Defendant was bound by the terms and conditions of the
11 Standard Form of Union Agreement collective bargaining agreement.  Sanchez Decl. ¶ 2; Ex. 1, 2, 3.
12 Defendant is also bound by a Subscription Agreement.  Sanchez Decl. ¶ 3; Ex. 4.  The Standard
13 Form of Union Agreement requires that contributions to the Plaintiff Trusts for fringe benefits for
14 covered employees be paid monthly.  Finegan Decl. ¶ 3; Ex. 2.  The Agreements provide for
15 liquidated damages and interest on delinquent employee benefit contribution amounts.  Finegan
16 Decl. ¶ 6, 16.

17 Ms. Finegan stated that every month, her officer send to Defendant a preprinted form listing
18 all known covered employees and the fringe benefit contribution rates for each of the trust funds.
19 Finegan Decl. ¶ 13.  Ms. Finegan stated that Defendant self-reports the number of hours per
20 employee and the contribution amount.  Id.  Based on information voluntarily submitted to Plaintiffs
21 by Defendant, a Liability Detail Sheet was created showing the contributions, liquidated damages
22 and interest owed by Defendant.  Finegan Decl. ¶ 14; Ex. 9.  The Liability Detail Sheet shows that
23 Defendant failed to contribute $44,445.74 in fringe benefit contributions during the relevant period.
24 Id.  Plaintiffs seek liquidated damages on those delinquent employee benefit contributions in the
25 amount of $8,889.15 for that period.  Id.  Liquidated damages are charged at 20% of the delinquent
26 contributions.  Finegan Decl. ¶ 6; Ex. 6.  Plaintiffs also seek interest on the contributions in the
27 amount of $3,016.81.  Finegan Decl. ¶ 16.  Interest is calculated at the rate of 10% on the unpaid
28 principal.  Finegan Decl. ¶ 16.

3

1   Attorney's fees and costs of action shall be awarded to a Trust Fund or Employee Benefit
2   Plan that receives a judgment in its favor. See 29 U.S.C. § 1132(g)(2)(D). Plaintiffs have submitted
3   the declaration of attorney Michael Carroll to prove attorney's fees and costs. Mr. Carroll calculates
4   that in prosecuting this action, Plaintiffs have incurred a total of $740.00 in fees and $590.00 in costs
5   through the date of the hearing. Carroll Decl. ¶¶ 2, 5. Specifically, Mr. Carroll stated that he spent
6   in excess of 4 hours at a rate of $185.00 per hour prosecuting this case. Id. ¶ 5. Costs in this matter
7   consist of a filing fee of $350.00 and service fees of $240.00. Id. ¶ 2. The amount of time expended
8   and the billing rate are reasonable given the work performed. In addition, the costs are reasonable.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, it is hereby recommended that default judgment be entered in the amount of $57,681.70, which is comprised of: $44,445.74 in unpaid contributions, $8,889.15 in liquidated damages, $3,016.81 in interest; and $1,330.00 in attorney's fees and costs.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: April 24, 2012

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge